## MYERS v BRONART CO

Ohio Appeals, 9th Dist, Summit Co

No 2881. Decided June 21, 1937

W. A. Spencer, Akron, and J. P. Riddle, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

ROBERTS and NICHOLS, JJ, (7th Dist) and SHERICK, J, (5th Dist) sitting by designation.

## OPINION

PER CURIAM

This cause comes to this court on appeal on questions of law at the instigation of the defendant against which a judgment was rendered upon tne jury's verdict.

The controversy grows out of an automobile collision which occurred in the State of Georgia, and the chief difficulties experienced by the trial court and by this court, grow out of the application of Georgia law.

We deem it of little profit to state the facts of this case, as they pertain to the matter of physical injury: since the errors complained of—being three in number—may be disposed of without a recitation of the facts. It is conceded by appellant, however, that plaintiff received physical injuries as a result of the automobile collision in question.

It is first maintained that the verdict is against the manifest weight of the evidence. The points at issue in respect to this claimed error pertain to the question as to whether or not one Miss Doris Goldman was driving the appellant's car at the time of the accident, and the question as to whether or not a tire on appellant's car blew out and caused the collision.

We have perused this record, and find the evidence on both of these facts to be in sharp conflict; but we find ourselves unable to determine that in either instance the finding of the jury in favor of the plaintiff is against the manifest weight of the evidence. To so do would place us in a position of passing upon the credibility of the witnesses.

As a second ground of error, it is claimed that the trial court erred in the admission of certain statutory and case law of the State of Georgia.

The amended petition in this case pleaded affirmatively 12 sections of the Georgia statutes. Upon trial, plaintiff offered not only these sections but also the criminal section which prescribed penalties for violation of the 12 sections pleaded. The court also permitted to be received in evidence four chapters of the motor vehicle law of Georgia, within which were contained the 12 pleaded sections; but it expressly limited the admission of these four chapters to the purpose of showing that the sections set forth in the amended petition were included therein. The court further permitted the introduction of five reported Georgia cases—for the purpose, no doubt, of establishing the interpretation of the statutes pleaded. The appellant now contends that the admission in evidence of this unpleaded law was not only erroneous but prejudicial to it.

It is well settled that, plaintiff's case being founded upon the Georgia law, duty devolved upon plaintiff to plead the provisions of the Georgia statutes, and that the trial court was without authority to admit the Georgia law other than as pleaded in the amended petition. We think that the proper purpose attempted to be subserved by the court in admission of the four chapters of the General Code of Georgia and the five reported decisions, as well as the penal statute, was to enable the court to properly instruct the jury upon the law of the case—i.e., the Georgia law.

An examination of the record discloses that the court properly admitted in evidence the specific sections of the Code of Georgia as pleaded. No evidence was offered on behalf of the defendant controverting or questioning the fact that these sections of the Georgia Code were in operation at the time of the collision in question. An examination of the charge discloses that in this state of the record the trial court instructed the jury that by the law of Georgia the violation of certain of the pleaded statutes was negligence per se, and further instructed the jury that if it should find certain facts from the evidence, it might find therefrom that the defendant was guilty of negligence which would authorize a verdict in favor of the plaintiff, provided it further found from the evidence that such negligence was the proximate cause of plaintiff's injuries.

In view of the instruction of the court to the jury, in which plaintiff's right to recover was definitely limited to certain grounds of negligence, well pleaded, and to which the evidence was applicable, it is the conclusion of this court that the unauthorized admission in evidence of the four chapters of the General Code not pleaded, as well as the admission of the penal statute and the five reported decisions, although erroneous, was not prejudicial to the defendant.

We recognize that ordinarily the rule is that it is the province of the jury to determine from the evidence whether the pleaded statutes of the foreign state were duly adopted and in effect at the time of the collision in question, and that it is ordinarily for the trial court to instruct the jury as to the interpretation of these statutes if the jury find them to have been properly adopted and in effect at the time of the collision.

In the present instance, however, as previously pointed out, there is no conflict under the evidence in this case upon the adoption of these pleaded statutes, or as to their being in effect at the time of the collision. There is an utter failure of proof to the contrary on the part of the defendant. In view of the state of the record, it is the conclusion of this court that the trial judge was fully warranted in instructing the jury that the law of Georgia was as given in the charge.

Further complaint is made of the charge of the court to the jury that the trial judge did not clearly set forth that any negligence of the defendant must be a proximate cause of plaintiff's injuries.

An examination of the charge shows that the court clearly limited the right of plaintiff to recover to such negligence of the defendant as the jury might find by a preponderance of the evidence to be the proximate cause of plaintiff's injuries. True, proximate cause was not repeated in every instance where negligence was defined, but we do not think the jury could have been misled in the respect claimed.

There is one other matter not referred to in the arguments or briefs of the parties, to which this court has given consideration.

It is pleaded in the amended petition and proved by the evidence submitted on behalf of the plaintiff, that one of the statutory laws of the State of Georgia, adopted and in effect at the time of this collision, was as follows:

"A physical injury done to another shall give a right of action, whatever may be the intention of the actor, unless he shall be justified under some rule of law. The intention shall be considered in the assessment of damages."

The answer of the defendant in this case admitted a physical injury done to the plaintiff, but denied that this injury was inflicted by the defendant. No attempt to justify under the provisions of §105-601 of the General Code of Georgia was made in this answer.

It was, however, one of the claims of the defendant that a tire upon its automobile blew out. The jury resolved this claim adversely to the defendant, but there having been evidence admitted without objection tending to prove that the collision was due to a cause unavoidable by the defendant, the matter of the intention with which the physical injury was inflicted upon the plaintiff became material in this case to the extent that such intention was proper to be considered by the jury in the assessment of damages. The charge of the court is silent upon this subject, said charge having been given in accordance with the law of the State of Ohio, rather than in accordance with the law of the State of Georgia; but since there is no claim in this case that the verdict of the jury is excessive and since no complaint has been made as to the failure of the court to charge in accordance with the provisions of §105-601, General Code of Georgia, we conclude that no prejudicial error exists in this connection.

It seems apparent that the purpose of said §105-601 was to permit the jury to mitigate the damages of the plaintiff if the injury was unintentionally inflicted, but if the damages are not excessive, this court would be unable to certify that substantial justice has not been done by reason of the failure to charge in accordance with this section of the Code.

One observation in closing:

We perceive that §105-601 of the Georgia law makes it possible for a defendant to plead facts in justification of mitigation of the act of which the plaintiff complains. We would remark that the defendant in this case did not seek to avail itself of any such privilege. Perhaps the omission to so plead and prove was intentionally made. With this, of course, we may not be concerned.

Having examined all of the errors assigned, and finding no prejudicial error on the face of the record, and being unable to certify that substantial justice has not been done in this case, it follows that the judgment of the Common Pleas Court is affirmed.

ROBERTS, PJ, NICHOLS and SHERICK, JJ, concur.